UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STANLEY PAUL WILLIAMS,

        Plaintiff,

Case No. 1:06-CV-168

v.

Hon. Richard Alan Enslen

CAROL HOWES and GARY BALL,
in their individual and official
capacities,

**ORDER**

        Defendants.
_____/

      Plaintiff Stanley Paul Williams has filed Objections to United States Magistrate Judge Ellen S. Carmody's Order of July 26, 2006 denying appointment of counsel. Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial order is limited to whether the order is "clearly erroneous or contrary to law." *See United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988). This standard does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994); *Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996).

      Upon review, the Court has no such conviction here. The Order appealed from properly denied appointment of counsel and is consistent with decisions in *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993) and *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). This was done in consideration of the fact that Plaintiff's filings–including his Objections–indicate that he has a present ability to prosecute his suit without the help of counsel. The Order also appreciates that the

lawsuit filed by Plaintiff is not a complex one (suit to enforce statutory rights as to practice of religious beliefs/receipt of a Kosher diet), nor is it one requiring a difficult investigation of factual circumstances.  Plaintiff is justifiably concerned that he obtain access to discovery and witnesses, though these interests may be accommodated without appointment of counsel.  Overall, this is not a complex suit and is not one in which, considering the other civil rights suits and circumstances which regularly present themselves to the District Court, the rare commodity of volunteer counsel should be used.[1]  *See Johnson v. Daley*, 339 F.3d 582, 593 (7th Cir. 2003) (describing system of appointments in prisoner civil rights cases).  Said Order was not "clearly erroneous or contrary to law."

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Stanley Paul Williams' Objections (Dkt. No. 33) are **DENIED** and the Order Denying Appointment of Counsel (Dkt. No. 31) is **AFFIRMED**.

DATED in Kalamazoo, MI:　　　　　　 /s/ Richard Alan Enslen  
　　　August 11, 2006　　　　　　　　RICHARD ALAN ENSLEN  
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Since the United States Supreme Court's decision in *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989), section 1983 appointments may be made only upon the consent of the appointed attorney.  This system, given the business demands placed upon attorneys in the marketplace, makes volunteer attorneys a very limited commodity, one which the district courts must use selectively.