UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STANLEY PAUL WILLIAMS,

    Plaintiff,

Case No. 1:06-CV-168

v.

Hon. Richard Alan Enslen

JAMES ARMSTRONG, *et al.*,

**ORDER**

    Defendants.
_____/

    This matter is before the Court on Plaintiff Stanley Paul Williams' Objections to the March 9, 2007 Order of United States Magistrate Judge Ellen S. Carmody denying in part his Motion to Compel Discovery. Defendant Gary Ball has failed to respond to the Objections.

    Pursuant to 28 U.S.C. § 636(b)(1)(A), the review of a magistrate judge's pretrial orders is limited to whether the orders are "clearly erroneous or contrary to law." *See United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988). This standard does not permit reversal unless the reviewing court is left with the definite and firm conviction of error. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir. 1994).

    Plaintiff's Objections state that he was satisfied with the Order except for the failure to compel an answer to Interrogatories Nos. 20 and 21 and Document Request No. 1 of his First Request for Production of Documents to Assistant Warden Gary Ball. (Objections 2 ¶ 6.)

    Regarding Interrogatories Nos. 20 and 21, the Motion to Compel was denied because the Interrogatories sought "irrelevant information . . . ." (Order 2.) Interrogatory No. 20 had requested an answer to the question, "Do you believe that a prisoner's sincere religious beliefs and practices aid in that prisoner's rehabilitation?" An answer to this question was not calculated to lead to discoverable

information because Defendant Ball's personal beliefs about the effectiveness of religious-based rehabilitation are irrelevant to the suit. Similarly, Interrogatory No. 21 had asked, "Do you find such rehabilitative qualities inherent within Plaintiff's practice of Judaism?" The answer to this question is first of all hardly possible because it asks Defendant Ball to express a personal view about the prisoner's personal religious practices, a matter not even within Ball's personal knowledge. Furthermore, whatever Ball's beliefs on the subject, they are not likely to lead to discoverable evidence on the subject of this suit (whether Plaintiff's rights were denied by particular conduct.) *See* Fed. R. Civ. P. 26(b)(1). Plaintiff does argue that this information would be relevant to Defendant's qualified immunity defense because it might suggest that Defendant Ball knew that his legal position was unjustified. This argument is not persuasive. Qualified immunity is based upon "objective reasonableness" (the content of existing law at the time of an incident) as opposed to an officer's subjective understanding of the law. *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 817-19 (1982). Denial of the relief was proper.

      Plaintiff's Request No. 1 of his First Request for Production of Documents is an inclusive request for both documents and electronic discovery under Rule 32. Plaintiff requested:

> Any notes, memoranda, reports, minutes and electronically created or transmitted messages (including those stored in any temporary or permanent caches, archives, or other Storage facilities) sent by, to, or from, or otherwise maintained by, Defendant BALL concerning Plaintiff's June 8, 2005, Kosher Menu Accommodation.

(Pl.'s Br. in Support of Mot. to Compel, Ex. F ¶ 1.) Defendant Ball responded: "I have no such documents." (Pl.'s Br. in Support of Mot. to Compel, Ex. G ¶ 1.) The Magistrate Judge found, without evidentiary hearing, that "Plaintiff ha[d] advanced neither argument nor evidence calling into question the veracity of Defendant's responses." (Order 2.) This finding overlooked Plaintiff's Exhibit J, an email which Ball had provided to Plaintiff. (Pl.'s Br. in Support of Mot. to Compel, Ex.

J.)  The email constituted evidence of Ball's past possession of electronic messages which should have been provided in response to Request No. 1 if currently possessed.  This is because the email discussed at least one prior email message, which was not provided, between Gary Ball and an official at LCF (Lakeland Correctional Facility) on the subject of the Kosher Meal Program.  (*Id.*)  The Magistrate Judge's Order contains no discussion of this email or of the likelihood that such email discovery would be contained within the hard drive of Ball's workplace computer.  Typically speaking, such computer data, even when deleted, is maintained in a computer system as replicant data, archival data or residual data which is subject to production and discovery.  *See* Martin Redish, *Electronic Discovery and the Litigation Matrix*, 51 Duke L.J. 561, 584-86 (2001).  Email messages are particularly subject to discovery because computers are typically programmed to save replicant data, after an email is sent or deleted.  *Id.* at 588.  Accordingly, it appears that the Magistrate Judge's factual findings omitted consideration of important evidence and that remand is necessary as to Request No. 1.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Stanley Paul Williams' Objections (Dkt. No. 73) are **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Order of March 9, 2007 (Dkt. No. 71) is **AFFIRMED** except as to the question of whether to compel answer to Request No. 1 of Plaintiff's First Request for Production of Documents, and that excepted issue is **REMANDED** to United States Magistrate Judge Ellen S. Carmody for further hearing and findings.

DATED in Kalamazoo, MI:    /s/ Richard Alan Enslen
   May 14, 2007    RICHARD ALAN ENSLEN
    SENIOR UNITED STATES DISTRICT JUDGE