UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY WILLIAMS,

       Plaintiff,                               Hon. Richard Alan Enslen

v.                                            Case No. 1:06 CV 168

CAROL HOWES, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Rule 56(b) Motion for Summary Judgment. (Dkt. #60). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

The following allegations are contained in Plaintiff's amended complaint. (Dkt. #6). On April 17, 2005, Plaintiff was transferred to the Lakeland Correctional Facility (LCF). *Id.* at ¶ 42. On May 4, 2005, Plaintiff changed his religious preference to Judaism and requested that he be permitted to participate in the kosher meal plan. *Id.* at ¶¶ 43-44. Plaintiff's kosher meal plan request was forwarded to Special Activities Coordinator Dave Burnett, who approved Plaintiff's request on June 8, 2005. *Id.* at ¶¶ 7-48. Burnett then authored a memorandum, dated June 8, 2005, to Defendant Howes notifying her that Plaintiff had been approved to participate in the kosher meal plan. *Id.* at ¶ 49.

On June 10, 2005, Plaintiff was questioned about an inappropriate relationship prison officials suspected he was having with an assistant deputy warden at the facility. *Id.* at ¶¶ 53-54. Plaintiff denied any involvement with the prison official in question. *Id.* at ¶ 55. A subsequent investigation, however, established the existence of a long-standing inappropriate relationship between Plaintiff and then Assistant Deputy Warden Robin Welke. (Dkt. #72). Once the existence of this inappropriate relationship was established, Welke resigned from the Michigan Department of Corrections. *Id.*

On June 16, 2005, Defendant Howes authorized Plaintiff's transfer to the Riverside Correctional Facility (RCF), a non-kosher facility. (Dkt. #6 at ¶ 57-58). Defendant Howes authorized Plaintiff's transfer because of her "concern of [Plaintiff's] knowledge of staff at this facility." *Id.* at 59. Plaintiff was transferred to RCF the following day. *Id.* at ¶ 60.

On June 20, 2005, Plaintiff submitted to the chaplain at RCF a request to attend Jewish services and be provided with kosher meals. *Id.* at ¶ 61. The chaplain informed Plaintiff that RCF was a non-kosher facility. *Id.* Plaintiff subsequently "informed Defendant Ball of [his] religious dietary requirements and religious status" and, furthermore, "informed Defendant Ball that the facility did not provide Jewish religious services and that his religious exercise was being substantially burdened in violation of RLUIPA." *Id.* at ¶¶ 62-63. Plaintiff was transferred to the Muskegon Correctional Facility (MCF) on June 29, 2005, where he immediately began receiving kosher meals. *Id.* at ¶¶ 75-76. Plaintiff was deprived of kosher meals for twelve (12) days. *Id.*

Plaintiff asserts that Defendant Howes, after being informed that Plaintiff had been approved to participate in the kosher meal plan, intentionally transferred him to RCF, a non-kosher facility, thereby substantially burdening his religious exercise in violation of the Religious Land Use and

Institutionalized Persons Act (RLUIPA). *Id.* at ¶ 87. Plaintiff also asserts that Defendant Howes, with knowledge that Plaintiff had changed his religious preference to Judaism, intentionally transferred him to RCF, a facility which does not provide Jewish services to prisoners, thereby substantially burdening his religious exercise in violation of RLUIPA. *Id.* at ¶ 89. Finally, Plaintiff asserts that Defendant Ball violated his rights under RLUIPA by "failing to provide Plaintiff with Kosher meals after receiving notification of Plaintiff's religious status and religious accommodation." *Id.* at ¶ 91.

## **STANDARD**

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith*

*Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

In relevant part, RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). RLUIPA does not define the phrase "substantial burden." Nonetheless, courts have concluded that a "burden" on religious exercise is "substantial" only where such imposes "a significantly great restriction or onus upon such exercise," *Sanders v. Ryan*, --- F.Supp.2d ---, 2007 WL 1138835 at *3 (D. Ariz., Mar. 19, 2007) (quoting *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)), which renders religious exercise

"effectively impracticable." *Marshall v. Frank*, 2007 WL 1556872 at *5 (W.D. Wis., May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)); *see also*, *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise). Moreover, a burden is less than "substantial" if it imposes only a mere "inconvenience on religious exercise." *See, e.g., Konikov v. Orange County, Florida*, 410 F.3d 1317, 1323 (11th Cir. 2005).

These conclusions recognize that RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as such would render meaningless the word "substantial." *See Civil Liberties for Urban Believers*, 342 F.3d at 761. Moreover, RLUIPA does not "elevate accommodation of religious observances over an institution's need to maintain order and safety" and in this regard courts must accord "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Cutter*, 544 U.S. at 722-23.

Plaintiff bears the burden to establish that his ability to exercise his religion has been substantially burdened. *See Kaufman v. Schneiter*, 474 F.Supp.2d 1014, 1025 (W.D. Wis. 2007). Because Plaintiff has failed to present evidence from which a reasonable person could conclude that Plaintiff's exercise of his religion was substantially burdened, Defendants are entitled to summary judgment.

Plaintiff claims that when Defendant Howes approved his transfer to RCF (a non-kosher facility) she was aware that Plaintiff had recently been approved to participate in the kosher meal plan. Accordingly, Plaintiff asserts that his transfer to RCF constituted a substantial burden to the exercise of

his religion. However, Defendant Howes has submitted unrefuted evidence that she did not learn that Plaintiff had been approved to participate in the kosher meal plan until *after* he transferred to RCF.

As previously noted, Dave Burnett authored a memorandum, dated June 8, 2005, informing Defendant Howes that Plaintiff had been approved to participate in the kosher meal plan. In response to a discovery request, Defendant Howes indicated that the only method by which she is informed that a prisoner has been approved to participate in the kosher meal plan is "by memorandum as sent via U.S. mail from Dave Burnett's office." (Dkt. #77, Exhibit 3). Plaintiff has submitted no evidence refuting this assertion. Defendant Howes has presented evidence that she did not review this memorandum until *after* Plaintiff was transferred to RCF. (Dkt. #63, Exhibits 4 and 6). Plaintiff has submitted no evidence refuting such.

Defendant Howes has established that Plaintiff was transferred to RCF because he was engaged in an illicit relationship with an *assistant deputy warden*. Security and safety considerations mandated that Plaintiff be immediately transferred. Plaintiff does not (and cannot) dispute this. Defendant Howes has submitted evidence (unrefuted by Plaintiff) that upon learning that Plaintiff had been approved to participate in the kosher meal plan, such information was forwarded to prison officials at RCF. (Dkt. #63, Exhibit 6).

Plaintiff faults Defendant Ball for failing to accommodate his religious needs at RCF, but fails to indicate how Defendant Ball could have reasonably been expected to provide Plaintiff with kosher meals at a facility where such were not available. Moreover, Plaintiff acknowledges that he was transferred from RCF to the Muskegon Correctional Facility (MCF) on June 29, 2005, where he immediately began receiving kosher meals. (Dkt. #6 at ¶¶ 18, 75). Accordingly, as Plaintiff concedes he was unable to participate in the kosher meal plan for only twelve (12) days. *Id.* at ¶ 75.

While Plaintiff's frustration at being briefly incarcerated at a non-kosher facility is understandable, the Court concludes that the evidence in this matter establishes that Plaintiff did not experience a "great restriction or onus" on his ability to practice his religion, but instead experienced a mere inconvenience thereon (which was very quickly rectified). In sum, Plaintiff cannot establish that he suffered a "substantial burden" on his ability to practice his religion. Accordingly, the Court recommends that Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendants' Rule 56(b) Motion for Summary Judgment, (dkt. #60), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 6, 2007                    /s/ Ellen S. Carmody
                                        ELLEN S. CARMODY
                                        United States Magistrate Judge