UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STANLEY PAUL WILLIAMS,

        Plaintiff,

v.

CAROL HOWES, *et al.*,

        Defendants.
_____/

Case No. 1:06-CV-168

Hon. Richard Alan Enslen

**JUDGMENT**

      This matter is before the Court on Plaintiff Stanley Paul Williams' Objections to the August 6, 2007 Report and Recommendation of United States Magistrate Judge Ellen S. Carmody. She has recommended that Defendants' Motion for Summary Judgment be granted and this action be dismissed. The Court now reviews the Objections, the Report and Recommendation and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).[1]

      Pursuant to Federal Rule of Civil Procedure 56, the pertinent question is whether there are genuine issues of material fact on this record as to the claims against the remaining Defendants, Defendants Carol Howes and Gary Ball. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant specifies a basis for summary judgment, the respondent has the burden of coming forward with specific evidence meeting the standards of Rule 56(e) upon which a reasonable jury could find

---

[1] Plaintiff has also filed Objections to an August 6, 2007 Order of the Magistrate Judge which denied his request to compel production of Internal Affairs documents detailing the investigation of his inappropriate relationship with a prison staff member (Robin Welke), which relationship prompted his transfer. Those Objections are reviewed pursuant to 28 U.S.C. § 636(b)(1)(A) to determine if the Order was "clearly erroneous" or otherwise contrary to law. It was not. The documents at issue had no relevance to these proceedings (*i.e.*, prison officials were entitled to transfer Plaintiff even for suspected inappropriate relationships). Disclosure was otherwise improper because there were important security reasons for not disclosing the information (to keep confidential Defendants' sources and investigatory methods).

there to be a genuine factual issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Failure to do so results in the grant of summary judgment. *Celotex Corp.*, 477 U.S. at 323.

This Court's review of the evidentiary records confirms the factual history explained by the Magistrate Judge at pages one through three of the Report. Namely, Plaintiff was subjected to an unintended denial of kosher foods for 12 days after he was transferred from Lakeland Correctional Facility ("LCF") for valid security reasons (his inappropriate relationship with prison staff). Plaintiff was transferred to Riverside Correctional Facility ("RCF"), a facility without a kosher food program. When it was discovered that Plaintiff qualified for kosher meals, he was then transferred to Muskegon Correctional Facility ("MCF"), a facility with a kosher food program. (Am. Compl. ¶¶ 18, 75.) Plaintiff objects that Defendant Howes did know that Plaintiff was taking the exam to qualify for kosher food at the time of his transfer. (*See* Apr. 24, 2007 Williams Aff. ¶ 6.) Nevertheless, his Affidavit and the others submitted by him fail to contradict Howes' testimony that she did not read Dave Burnett's Memo regarding Williams' qualification for kosher food until after his security transfer from LCF. (*See* Feb. 2, 2007 Howes Aff. ¶¶ 3-4.) Further, Plaintiff has admitted that he was promptly transferred to MCF after the kosher meals paperwork was received at RCF. (Am. Compl. ¶ 75.)

Plaintiff's suit is brought under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc *et seq.* Section 3 of the Act requires:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution unless the government demonstrates that imposition of the burden on that person– (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1.

It is clear under Section 3 that a prisoner with sincere religious beliefs requiring a kosher diet, such as Plaintiff, has a statutory right to receive such diet in prison. The prison officials at issue have

not intentionally denied Plaintiff access to such diet, but have only denied such diet temporarily while Plaintiff was awaiting transfer to an institution serving kosher meals. This is the kind of temporary deprivation which, at least in this instance, does not substantially burden the exercise of religion and concerning which the prison officials have a compelling reason for the temporary deprivation (the practical impossibility of establishing a new food program at a facility while the prisoner is awaiting transfer). Confronted with another temporary deprivation of kosher meals to a prisoner, the Eastern District of Michigan concluded in the case of *Berryman v. Granholm*, case no. 06-CV-11010-DT, 2007 WL 2259334, *4 (E.D. Mich. Aug. 3, 2007), that the responsible officers were not liable under the Act for monetary damages. The *Berryman* court also concluded that claims for equitable relief were moot. *Id. See also Dunlop v. Losey*, 40 Fed. Appx. 41, 43 (6th Cir. May 15, 2002) (holding that temporary deprivation of hardcover Bible for security reasons did not substantially burden religious exercise under the Act). Both of those conclusions apply here. As such, summary judgment is warranted.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Stanley Paul Williams' Objections to the Order of August 6, 2007 (Dkt. No. 92) are **DENIED** and the Order is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the Report and Recommendation of August 6, 2007 (Dkt. No. 90) are **DENIED**, the Report and Recommendation (Dkt. No. 88) is **ADOPTED**, Defendants' Motion for Summary Judgment (Dkt. No. 60) is **GRANTED**, this action is **DISMISSED WITH PREJUDICE**, and the Court certifies under *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) that an appeal of the Judgment would not be taken in good faith.

DATED in Kalamazoo, MI:  
August 31, 2007

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE