UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY PAUL WILLIAMS,                               Case No. 1:06-CV-168

       Plaintiff,                                       Hon. Richard Alan Enslen

v.

JAMES ARMSTRONG, *et al.*,

       Defendants.                                      **OPINION**
_____/

       This matter is before the Court on Defendants Howes and Ball's Motion to Tax Costs. On August 31, 2007, this Court entered Judgment dismissing Plaintiff's claims against Defendants Howes and Ball. Defendants Howes and Ball have now moved to tax costs against Plaintiff in the amount of $1,469.30. For the reasons discussed below, Defendant's Motion will be granted in part and denied in part.

       Federal Rule of Civil Procedure 54 indicates that costs "shall be allowed as of course to the prevailing party," thereby creating "a presumption in favor of awarding costs." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Moreover, the Sixth Circuit has indicated that, at the conclusion of a suit, costs may be imposed "as in other cases" against a plaintiff who was permitted to proceed *in forma pauperis*, whether or not the lawsuit is deemed frivolous. *See Talley-Bey v. Knebl*, 168 F.3d 884, 886-87 (6th Cir. 1999). There exist several factors which the Court may consider when evaluating a motion for the imposition of costs, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs. *See Singleton*, 241 F.3d at 539.

Defendants' motion for costs consists of four separate requests. Defendants first seek $186.00 for court reporter fees for transcripts and $20.00 for docket fees. Plaintiff has not objected to either of these requests. Finding such costs to be both reasonable and recoverable, the Court grants Defendants' motion as to these two requests. *See* 28 U.S.C. §§ 1920, 1923(a).

Defendants also request $75.00 for copying costs incurred "for papers produced for filing with [the] Court." Specifically, Defendants seek reimbursement for making two copies each of 150 pages of documents and seek to recover $.25 for each copy. Plaintiff argues that he should not have to pay for the second copy of these items. He also contests the amount requested per copy.

Defendants assert that they made two copies each of 150 pages of documents, only one set of which was provided to Plaintiff. Defendants acknowledge that the other set was for their own file. Defendants are not entitled to recover the costs incurred in making copies for their own files. *See Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D. Ga. 1997) ("copies made . . . for the records of counsel are not recoverable"); *Home Builders Assoc. of Miss. v. City of Madison*, 191 F.R.D. 515, 519-20 (S.D. Miss. 1999) ("multiple sets of relevant documents may not be charged to an opponent"). As for the amount requested per copy, the Court finds that $.25 per page is an appropriate amount. Accordingly, Defendants are entitled to recover $37.50 for copying costs incurred "for papers produced for filing with [the] Court."

Finally, Defendants seek to recover $1,187.50 in "copying fees for papers produced for discovery." Defendants seek reimbursement for copies of 4750 documents at the rate of $.25 per page. Plaintiff objects to the number of documents included in Defendants' request, as well as the amount charged per page. As noted above, the Court finds the per page rate of $.25 to be appropriate.

With respect to the number of pages at issue, Plaintiff acknowledges that he should reimburse Defendants for the cost of making 750 copies of material he actually received in discovery. With respect to the remaining 4000 documents, however, Plaintiff asserts that he should not be required to compensate Defendants because he never received the copies in question. The record reveals (and the parties do not dispute) that with respect to the documents in dispute, Plaintiff submitted to Defendants a discovery request, to which Defendants objected as follows:

> The records requested are voluminous, totaling approximately 4000 pages. Consequently, the Defendant will provide the requested documents once she receives payment in the amount of $400 (4000 x .10 per page).

(Opp. Br., Ex. B at 2.)

There is no evidence that Plaintiff ever paid (or even agreed to pay) the $400 that Defendants requested as a prerequisite for obtaining the requested discovery. Accordingly, Plaintiff never received any copies of the approximately 4,000 pages at issue. Despite the fact that Defendants failed to provide Plaintiff with the requested discovery, they nonetheless want to charge Plaintiff for such. Defendants assert that

> When Williams submitted his document request Howes went ahead and copied the requested documents. It is not her fault that Williams made such a broad request that came out to 4000 pages. Williams did not ever pay for the 4000 pages of documents nor did he ever receive them.

(Defs.' Resp. to Order to Show Cause 2.)

Defendants' position is absurd and patently unfair. Defendants seek to charge Plaintiff for the cost of copying documents which they never provided. Defendants have identified no authority supporting their position. The circumstance would be different if Plaintiff had affirmatively indicated that he would pay the $400 Defendants requested for the copies, but there is neither evidence nor

allegation that such is the case. While the Court is not unsympathetic to Defendants' plight, by informing Plaintiff that he could not receive the documents in question without first paying $400, absent assurances by Plaintiff that he would pay the requested amount, Defendants made copies of the documents in question at their own risk. Because the copies were never given to Plaintiff, such were not "necessarily obtained for use in the case," as required by 20 U.S.C. § 1920(4). Accordingly, the Court finds that Defendants are entitled to recover the costs incurred to copy 750 pages of discovery documents at the rate of $.25 per page. This amount equals $187.50.

In sum, the Court finds that Defendants are entitled to recover four hundred thirty-one dollars ($431.00) in compensable costs, as detailed above.

Having found appropriate the imposition of certain costs, the Court must determine how such costs are to be paid. When costs are assessed, the issue is whether the prisoner will be required to pay such costs immediately, or whether he will be permitted to pay over time pursuant to the process articulated in §1915(b)(2). *See Talley-Bey*, 168 F.3d at 886. Plaintiff has established his indigency and, therefore, shall be permitted to pay the costs herein imposed over time.

A prisoner litigant against whom costs are taxed is required to make an initial payment of costs equal to 20-percent of the greater of (a) the average monthly deposits to the prisoner's account, or (b) the average monthly balance in the prisoner's account over a 6-month period. 28 U.S.C. §1915(a)(2), (f)(2)(B). Plaintiff's certificate of prison account activity indicates that this amount is equal to $63.55. Accordingly, Plaintiff is required to make an initial payment of $63.55. Plaintiff shall make this initial payment no later than May 20, 2008.

Plaintiff is further required to pay to the Michigan Attorney General's Office the remaining balance of the costs imposed. This is to be accomplished by withdrawing 20-percent of the

monthly income credited to Plaintiff's account until paid in full.  28 U.S.C. § 1915(a)(2).  While the Michigan Department of Corrections shall withhold funds from Plaintiff's prisoner account as required by law, it is not required to immediately forward withdrawn funds totaling less than $10 to the State Attorney General's Office.  Moreover, the Michigan Department of Corrections, in conjunction with the Michigan Attorney General's Office, shall take steps necessary to ensure that the total amount withdrawn does not exceed the $431.00 in costs awarded.  28 U.S.C. § 1915(f)(2)(C).

      An Order shall issue consistent with this Opinion.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>March 24, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |